California Institution for Men

# MEMORANDUM

 MIEHI75L

APPEAL RESPONSE LEVEL:          SECOND LEVEL

DATE:                          NOVEMBER 30, 2007

TO:                            LAMADRID

CDC#:                          P98764

APPEAL LOG #:                  CIM-E-07-1665

APPEAL RESPONSE:

All appeal documents, your Unit Health Record (UHR), and applicable sections of the California Code of Regulations (CCR) Title 15, have been reviewed and considered.

While you were incarcerated at RJD, you submitted an appeal containing multiple issues. You requested to get all your allergy medications and psych medications. You requested to get cleared or get told why you're on medical hold. Additionally, you stated you have problems with your right index finger and lower back.

Your request was partially granted. You were informed that it is standard practice to prescribe medications up to 90 days so that a re-evaluation may be done. You were informed no medical hold was in effect. You were informed pain medication had been prescribed on 7-11-07.

You were dissatisfied and progressed to the Formal Level. You stated your right index finger is still broken. You stated the skin medication is wrong. You stated your psych meds are not right. You stated you need glasses.

Your appeal was partially granted. By this time you had been transferred to CIM, where you had been evaluated by the Mental Health Department and a medication plan was being developed. You had been seen by optometry prior to leaving RJD. You were informed a facility provider at CIM would see you regarding the rash and broken finger.

You progressed to the 2nd Level, stating the treatment plan for your mental issues need much improvement. You stated you need monitoring of Hep C. You stated you want all the items taken care of this year, but you don't see appointments coming.

Your movement history indicates you arrived at CIM on 9-29-07. Since that time, you have been seen multiple times for psychological evaluations, medical evaluations, and specialty evaluations as follows:

Psych evaluations were conducted on 9-15-07, 9-29-07, 10-18-07, 11-3-07, and 11-8-07. Medical evaluations were conducted on 9-21-07, 9-24-07, 10-9-07, 10-22-07, and 11-9-07. You were seen by specialty providers on 10-15-07, 10-29-07, and 11-27-07. As a participant in the Chronic Care Program (CCP), you are seen on a

monthly basis for evaluation with your primary care physician. Your most recent examination was done on 11-9-07, at which time allergy meds and instructions regarding the medication were given (no rash was evident upon examination). Pain meds were also prescribed. No recommendations were made regarding treatment for your right index finger.

On 11-29-07, you were interviewed regarding your appeal issues. You stated to the interviewer that your primary complaint is the problem with your right index finger. You stated you have limited mobility and pain due to incorrect healing.

The Chief Physician & Surgeon reviewed your case. It has been determined that a referral to orthopedics will be submitted for evaluation of the old fracture on the right index finger. The specialist will evaluate for surgical correction. Please be advised once the referral is submitted, approved, and processed, it will take several weeks before your appointment is scheduled. You will be scheduled as soon as possible and ducated to attend.

The CIM Medical Department is concerned for your health and well-being, and has acted appropriately in providing care and treatment. Your treating physician will continue to see you on a monthly basis and will address your medical issues as needed.

Pursuant to the following CCR, Title 15 sections, your medical needs have been handled in the appropriate manner.
3350 Provision of Medical Care and Definitions
(a) The department shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. In the absence of available outcome data for a specific case, treatment will be based on the judgment of the physician that the treatment is considered effective for the purpose intended and is supported by diagnostic information and consultations with appropriate specialists. Treatments for conditions which might otherwise be excluded may be allowed pursuant to section 3350.1(d).
(b) For the purposes of this article, the following definitions apply:
(1) Medically Necessary means health care services that are determined by the attending physician to be reasonable and necessary to protect life, prevent significant illness or disability, or alleviate severe pain, and are supported by health outcome data as being effective medical care.
(2) Outcome Study means the definition, collection and analysis of comparable data, based on variations in treatment, concerning patient health assessment for purposes of improving outcomes and identifying cost-effective alternatives.
(3) Outcome Data mean statistics such as diagnoses, procedures, discharge status, length of hospital stay, morbidity and mortality of patients, that are collected and evaluated using science-based methodologies and expert clinical judgment for purposes of outcome studies.
(4) Severe pain means a degree of discomfort that significantly disables the patient from reasonable independent function.
(5) Significant illness and disability means any medical condition that causes or may cause if left untreated a severe limitation of function or ability to perform the daily activities of life or that may cause premature death.

CCR 3354. Health Care Responsibilities and Limitations
(a) Authorized Staff. Only facility employed medical staff, contractors paid to perform medical services for the facility, or persons employed by the facility as medical consultants shall be permitted to diagnose illness, prescribe medication and medical treatment for inmates. No other personnel are authorized to do so.

APPEAL DECISION: **PARTIALLY GRANTED**
Your appeal documents are attached.


_S. Ghaly, MD_
S. Ghaly, MD
Chief Physician and Surgeon  (A)
California Institution for Men


M. Farooq, MD
Chief Medical Officer/Health Care Mgr. (A)
California Institution for Men

**RECEIVED**
JUL 18 2007
RICHARD J. DONOVAN

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. RJD                1. 07-2280        MED
2. Cim-E              2. 07-1665

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals be taken for using the appeals procedure responsibly.

MIEH 175L

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| LaMadrid | P-98764 | NA | FH-20-126L |

**A. Describe Problem:** DIFFICULTY IN WRITING PRIMARY LANGUAGE NOT ENGLISH. DOCTOR SAID TO ME "CAN'T GIVE PRESCRIPTION FOR ALLERGIES FOR OVER 30 DAYS, PUT IN TO SEE DR. AFTER MEDICATION ENDS." SO THIS IS A 3084.5(a)(3)(D), (F),(H), I, 42 U.S.C. 812102. MY ALLERGIES COMBINED WITH WRONG PSYCH MEDICATIONS OR LEVELS THERE OF, COMPOUND WITH HEAT FLARE UP ALL MY ALLERGIES. THIS IS SOMETHING WITH MORE THAN 10 YEARS IN MEDICAL C-FILE AS EVIDENCE, AND HAVE SEEN DR FOR LATELY. ABOVE IS ONE MEDICAL PROBLEM THAT WILL HOLD ME BEFORE CLASSIFICATION, IN MY EYES. VERY LIMITED MOBILITY OF (R) INDEX FINGER WITH SEVER PAIN NOW.

If you need more space, attach one additional sheet.

**B. Action Requested:** TO GET ALL MY ALLERGY MEDICATIONS TILL 3-10-08 FOR SKIN, NASAL AND LUNG PROBLEMS. TO GET CLEARED OR TOLD WHY ON MEDICAL HOLD, AND TAKE CARE OF THESE PROBLEMS. ALSO RIGHT INDEX FINGER AND PROBLEMS OF LOWER BACK. YOU HAVE MY HISTORY. PUSH MEDICATIONS.

Inmate/Parolee Signature: Diego LaMadrid                Date Submitted: 7-16-07

**C. INFORMAL LEVEL (Date Received:** JUL 26 2007 **)** PARTIALLY GRANTED

Staff Response: MEDICATION, AS STANDARD PRACTICE IS PRESCRIBED FOR NORMALLY UP TO 90 DAYS SO THAT THE FACILITY PROVIDER CAN EVALUATE SYMPTOMS AND RE-EVALUATE AS NECESSARY. YOUR UNIT HEALTH RECORD DOES NOT REFLECT A MEDICAL HOLD. YOU WERE PRESCRIBED PAIN MEDICATION 7/11/07

Staff Signature: Eddie Rivera                Date Returned to Inmate: 7/30/07

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response. PARTIALLY GRANTED
BY X-RAY ON 8-9-07 (R) INDEX FINGER STILL BROKEN, PER MEDICAL SCREENING ON 8-2-07 FIX. WRONG SKIN MEDICATION TRIAMCINOLONE ACETONIDE CREAM .1% IS CORRECT. PER OPTOMOLOGIST TEST EYE VISION WORST THAT 20/200 NEED GLASSES. ALSO PSYCH MEDS STILL NOT RIGHT HE PRESCRIBE CORRECTLY OUTSIDE AFTER PROG TEST AND STAFF IN-HOSPITAL

Signature: Diego LaMadrid                Date Submitted: 8/13/07
Note: Property/Funds appeals must be accompanied by a completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim    PER 8-2-07 MEDICAL SCREEN FIX!

CIM
NOV 07 2007
2nd level
CMO

07-2280

## INMATE APPEAL ROUTE SLIP

To: MED                                Date: September 13, 2007

From: INMATE APPEALS OFFICE

Re: Appeal Log Number RJD-4-07-02280 By Inmate LAMADRID, P98764

Please assign this appeal to appropriate staff for FIRST level response.

Appeal Issue: MEDICAL
Due Date: 10/26/2007
Special Needs:

STAFF INSTRUCTIONS: Per Director's Rule 3084.5(f) (2) first level appeal review requires a personal interview with the inmate unless the appeal is granted. This policy is not within the institution's jurisdiction and cannot be waived. Director's Rule 3084.5(f) (3) provides that a telephonic interview may be conducted if the inmate is not available in person.

Begin response with GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return appeal to the Appeals Office. All first level appeals require signature of the Division Head. Appeals that are incomplete will be returned for appropriate completion.

Refer to D.O.M. 54100 for instructions.

Inmate Appeals Coordinator
Richard J. Donovan Correctional Facility



CIM

NOV 0 7 2007

State of California
CDC FORM 695
**Screening For:**
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level

*August 23, 2007*

**LAMADRID, P98764**
*F42000000000126L*

CIM

NOV 0 7 2007

Log Number: RJD-4-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

**SEPARATE YOU ISSUES AND SUBMIT ONE ISSUE PER 602.**

SIMPLE : EVERY THING IS IN MEDICAL
SCREENING ON 8-2-07
FIX IT & RIGHT ARM.

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:** Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

State of California
CDC FORM 695
Screening For:
CDC 602 Inmate/Parolee Appeals
CDC 1824 Reasonable Modification or Accommodation Request

RE: Screening at the FIRST Level



*July 18, 2007*

**LAMADRID, P98764**
*F42000000000126L*

Log Number: RJD-4-
(Note: Log numbers are not assigned to screen out appeals, or informal level appeals)

The enclosed documents are being returned to you for the following reasons:

*You have not included evidence of an attempt to resolve the problem at the Informal Level. The Informal Level of Review is waived for appeals of classification actions; serious disciplinaries; CSR actions; departmental regulations, policies or operational procedures; staff complaints; and exceptional circumstances as defined in CCR 3084.7. Obtain an informal response by sending your appeal directly to:*

*MEDICAL*

Appeals Coordinator
Richard J. Donovan Correctional Facility

**NOTE:**  Failure to follow instruction(s) will be viewed as non-cooperation and your appeal will be automatically dismissed pursuant to CCR 3084.4(d). This screening decision may not be appealed. If you believe this screen out is in error, please return this form to the Appeals Coordinator with an explanation of why you believe it to be in error, and supporting documents. You have only 15 days to comply with the above directives.

---

**PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE**

HABEAS

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:07-cv-01997-JM-JMA
### Internal Use Only

| | |
|---|---|
| Lamadrid v. Hernandez | Date Filed: 10/15/2007 |
| Assigned to: Judge Jeffrey T. Miller | Jury Demand: None |
| Referred to: Magistrate Judge Jan M. Adler | Nature of Suit: 530 Habeas Corpus |
| Cause: 28:2254 Petition for Writ of Habeas Corpus (State) | (General) |
| | Jurisdiction: Federal Question |

**Petitioner**

**Diego H Lamadrid**          represented by          **Diego H Lamadrid**
P-98764
PO Box 500
Chino, CA 91708
PRO SE

V.

**Respondent**

**R J Hernandez**          represented by          **Attorney General**
*Warden*          State of California
Office of the Attorney General
110 West A Street
Suite 1100
San Diego, CA 92101-5266
(619)645-2076
Fax: (619)645-2313
Email: docketingsdawt@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2007 | 1 | PETITION for Writ of Habeas Corpus (Filing fee $ 0. Not paid, motion for IFP submitted), filed by Diego H Lamadrid.(rxm) (Entered: 10/16/2007) |
| 10/15/2007 | 2 | MOTION for Leave to Proceed in forma pauperis by Diego H Lamadrid. (rxm) (Entered: 10/16/2007) |
| 10/15/2007 | 3 | MOTION to Appoint Counsel by Diego H Lamadrid. (rxm) (Entered: 10/16/2007) |
| 10/15/2007 | 4 | NOTICE of Change of Address by Diego H Lamadrid. (rxm) (Entered: |

| | | 10/16/2007) | |

1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11   DIEGO H. LAMADRID, | Civil No.   07-1997 JM (JMA) |
| 12                               Petitioner, | **ORDER:** |
| 13                    v. | **(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND,** |
| 14   R. J. HERNANDEZ, Warden, | |
| 15 | |
| 16                               Respondent. | **(2) DISMISSING PETITION WITHOUT PREJUDICE** |

17

18        Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of

19 Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma

20 pauperis.

21                    **REQUEST TO PROCEED IN FORMA PAUPERIS**

22        Petitioner has no funds on account at the California correctional institution in

23 which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the

24 Court **GRANTS** Petitioner's application to proceed in forma pauperis. The Clerk of the

25 Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing

26 fee.

27 / / /

28 / / /

1  **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

2        However, the petition must be dismissed because Petitioner has failed to allege

3  exhaustion of state judicial remedies. Habeas petitioners who wish to challenge either

4  their state court conviction or the length of their confinement in state prison, must first

5  exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S.

6  129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must

7  present the California Supreme Court with a fair opportunity to rule on the merits of

8  every issue raised in his or her federal habeas petition.  28 U.S.C. § 2254(b), (c);

9  Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a

10  petitioner must allege, in state court, how one or more of his or her federal rights have

11  been violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned:

12  "If state courts are to be given the opportunity to correct alleged violations of prisoners'

13  federal rights, they must surely be alerted to the fact that the prisoners are asserting

14  claims under the United States Constitution."  Id. at 365-66 (emphasis added).  For

15  example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state

16  court trial denied him [or her] the due process of law guaranteed by the Fourteenth

17  Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at

18  366 (emphasis added).

19        Nowhere on the Petition does Petitioner allege that he raised his claims in the

20  California Supreme Court. In fact, he specifically indicates he did not seek review in the

21  California Supreme Court. (See Pet. at 6-9b.) If Petitioner has raised his claims in the

22  California Supreme Court he must so specify.  "The burden of proving that a claim has

23  been exhausted lies with the petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.

24  1997); see Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Lambert v. Blackwell,

25  134 F.3d 506, 513 (3d Cir. 1997);  Oyler v. Allenbrand, 23 F.3d 292, 300 (10th Cir.

26  1994); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

27        Further, the Court cautions Petitioner that under the Antiterrorism and Effective

28  Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a

1  petition for a writ of habeas corpus by a person in custody pursuant to the judgment of

2  a State court. The limitation period shall run from the latest of:

3        (A) the date on which the judgment became final by the
          conclusion of direct review or the expiration of the time for
4        seeking such review;

5        (B) the date on which the impediment to filing an
          application created by State action in violation of the
6        Constitution or laws of the United States is removed, if the
          applicant was prevented from filing by such State action;
7

8        (C) the date on which the constitutional right asserted
          was initially recognized by the Supreme Court, if the right has
          been newly recognized by the Supreme Court and made
9        retroactively applicable to cases on collateral review; or

10       (D) the date on which the factual predicate of the claim
          or claims presented could have been discovered through the
11       exercise of due diligence.

12  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

13       The statute of limitations does not run while a properly filed state habeas corpus

14  petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006

15  (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an

16  application is 'properly filed' when its delivery and acceptance [by the appropriate court

17  officer for placement into the record] are in compliance with the applicable laws and rules

18  governing filings."). However, absent some other basis for tolling, the statute of

19  limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533

20  U.S. 167, 181-82 (2001).

21       Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal

22  of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits

23  annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4,

24  28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not

25  presently entitled to federal habeas relief because he has not alleged exhaustion of state

26  court remedies.

27  / / /

28  / / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the application to proceed in forma pauperis and **DISMISSES** the Petition without prejudice and with leave to amend.  In order to have this case reopened, Petitioner must file a First Amended Petition, curing the pleading deficiencies discussed above, no later than **December 17, 2007**. For Petitioner's convenience, the Clerk of Court shall attach a blank First Amended Petition form to this Order.

**IT IS SO ORDERED.**

DATED:  October 24, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

# Other Orders/Judgments
3:07-cv-01997-JM-JMA Lamadrid v. Hernandez

## U.S. District Court

## Southern District of California

## Notice of Electronic Filing

The following transaction was entered on 10/25/2007 at 10:52 AM PDT and filed on 10/24/2007
**Case Name:**        Lamadrid v. Hernandez
**Case Number:**      3:07-cv-1997
**Filer:**
**WARNING: CASE CLOSED on 10/24/2007**
**Document Number:** 5

**Docket Text:**
ORDER granting Application to proceed in forma pauperis and dismissing Petition without prejudice and
with leave to amend. To have case reopened, Petitioner must file a First Amended Petition no later than
12/17/07. (Blank First Amended Petition mailed to Petitioner). Signed by Judge Jeffrey T. Miller on
10/24/07. (jpp)


**3:07-cv-1997 Notice has been electronically mailed to:**
Attorney General docketingsdawt@doj.ca.gov

**3:07-cv-1997 Notice has been delivered by other means to:**

Diego H Lamadrid
P-98764
PO Box 500
Chino, CA 91708

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=10/25/2007] [FileNumber=2238307-
0] [5bb25ba1f86915ccb3654e6c01474aea024133110327d424e7645552b6764baa81
004ba84c296f1b502faf745a40b2e0a2519da6c0af76ddca29a751e598ab26]]

MC-275

Name  LA MADRID , DIEGO H.

Address  CDC#:P-98764   ELM HALL 175

P.O. BOX 500

CHINO , CA  91708

CDC or ID Number  P-98764

### FOUTH DISTRICT COURT OF APPEAL

(Court)

LA MADRID , DIEGO H.
Petitioner

vs.

DIRECTOR OF THE CA. DEPT' OF CORRECTION

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _____

(To be supplied by the Clerk of the Court)

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

# Court of Appeal
## State of California
### Second Appellate District

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

Court of Appeal Case Number: _____

Case Name: _____

Please check the applicable box:

☐ There are no interested entities or parties to list in this Certificate per California Rules of Court, Rule 8.208(d)(3).

☐ Interested entities or parties are listed below:

| Name of Interested Entity or Person | Nature of Interest |
|---|---|
| 1. LA MADRID , DIEGO H. | |
| 2. | |
| 3. | |
| 4. | |

*Please attach additional sheets with Entity or Person Information if necessary.*

_____
Signature of Attorney/Party Submitting Form

Printed Name:
Address:

State Bar No:
Party Represented:

*SUBMIT PROOF OF SERVICE ON ALL PARTIES WITH YOUR CERTIFICATE*

**This petition concerns:**

[ ] A conviction                 [XX] Parole

[ ] A sentence                   [XXX] Credits

[XXX] Jail or prison conditions   [XXX] Prison discipline

[XXX] Other *(specify):* _____

1. Your name: DIEGO HENRY LA MDRID

2. Where are you incarcerated? CIM

3. Why are you in custody? [XX] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

PETTY THEIFT WITH A PRIOR

_____

b. Penal or other code sections: NOW P.C. 3057

c. Name and location of sentencing or committing court: SENTENCED IN S.D. //NOW PAROLE VIOLTION

RJ.DONOVAN (BPH) 480 ALTA RD. ,S.D. ,CA. 92179

d. Case number: CDC#: P-98764

e. Date convicted or committed: 3/14/07

f. Date sentenced: 4/12/07

g. Length of sentence: 12MONTH P.C.3057(d)(2)(e)

h. When do you expect to be released? 3/13/08 is E.P.R.D.

i. Were you represented by counsel in the trial court? [XX] Yes. [ ] No. If yes, state the attorney's name and address:

William Hobson : Pacific Rim Point 9335 Airway Rd. , St 213 ; S.D. , Ca. 92154

_____

4. What was the LAST plea you entered? *(check one)*

[XX] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[ ] Jury [ ] Judge without a jury [XXX] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

**Parolee must** be discharged early from parole after completion of certain peiod of parole (without revocation or suspentions)if all requirements D.O.M. 81080-81080.1.1 Unless B.P.T.(H)finds "some evidence" good reason to retain.The some reason in this case can not be " dicriminatory"" if so it then being an **A.D.A. issue.** MY ongoing mental heath will never go away yet on my disability I am denied services,progam,activities. P.C. 3001 early discharge after 13 mo.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did something to violate your rights at *what time (when)* or place *(where). (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Was in long term rehab ( from the V.A.) A.D.T.P.,Way Back, Bayview hospital, or in the V.A. hospital itself during the whole time incomplience with all rules and regulations of 15CCR & D.O.M., (All this evidence can be supeana including medical recomendations that kept me in these places)

To take care of myself I use V.A., Medi-cal do not use anything from parole to assist me in transitionto the community have been independant of all parole services.

For many month (7) kept asking parole of the reason in writting to no avail at this point it would be futile to continue to get these papers. Every month I would ask my parole officer. For the first few month afterthe 13th mo. I would ask for the reason in writting. At first I did not have a parole officer. Later the answer would be that the parole officer that retained me would have to do it. At one point an officer of the day O.D. that was my parole officer at one point told me verbally " because I was in the hospital was the reason I was retained. This being then a violation of my fundamental right to appeal ( can not appeal if I don't have in writting). A practice that is on-going & that keeps recurring-capable of repetition that violate aspects of fairness, yet evade reveiw. A practice being emploied by CDC when dealing with people with disabilities. This issue is important controversial,recurring, and one thatis not likely to be reached by ordinary judicial process (documents on parolee's after 13th mo. with disabilities then asked if they received there reason will confirm this)

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

A.D.A.,P.C. 3001,3000,Civil Rights , In re Fleury(1967)67Cal.2d 600;In re Garcia (1998) 67 Cal.App.4th 841 ; In re Angel M.(1998)58 Cal. App.4th 1498; People v. Superior Court (Hamilton)(1991)230 Cal.App.3d 1592;In re Arias(1986)42 Cal.3d 667,673; In re Robin M. (1978)21Cal.3d 337,341,n.6;In re William M.(1970)3 Cal.3d 16;In re Strick(1983)148Cal.App. 3d906,911;In re Muszalski(1975)52Cal.app3d500;Ogo Associates v.Cityof Torrance(1974)52 Cal.App.3d830,834;In reHarris(1993)5Cal. 4th813;Preiser v. Rodriguez 41lu.s. 475

Ground 2 or Ground _____ (if applicable):

Jurisdiction the incident in question happened in Mexico. I have plent of witnesses for this case. To list a few 4 times the police was called in this matter, priest, coucil city members, intake doctor at the psychiatric hostpital, neghbors, busineesess, and our room-mate that waas not present to testify. Combined with perjerd testimony that attorney would not lock in. His only defence being jurisdiction.

a. Supporting facts:

All relevant facts of my defence are in the recording thaat BPT[H] has of thi hearing. This hearing started witha Maarsden Hearing because of my differences with my attorney of record W. Hobson. Tried to contact him many time after that to no avail. 1) Gave him an appeal on the matter. 2) Tried to get help with an appeal (got no answer) 3) Tried to contact by sending him an inmate request concerning procedure or advice in what to do. Have multiple appeals in these problems, but by the time the last level of reveiw is done I will have done most of this violation. The appeals started in April right after the decission.

Lack of juisdiction over offence P.C.1004 ,P.C.647(d);people v. Webber.It has two elements personal and subject matter,and without subjectis void. BPT abuse of juisdiction in this case is principle issue to begin with. Cause in accusation I must be able to bring in evidence to defend myself. Most of it being in a foreign country, which I would need to make a proper defence of the charges against me. 14th Amendment constitutional rights combined with Supreme Court laws where violated. Add jurisdiction and Ineffective assistance of counsel. Lack of help in appeal for a member of Federal cases " Colman, Armstrong,Gilmore,Rutherford make it a miscarrage of justice.

b. Supporting cases, rules, or other authority:

U.S. Const. Amendments 6,8,11, and 14th ;28 U.S.C.§1291; universsl jurisdiction and protective principles; international law juridictionl limits; U.S. v. Medjuck 156F.3d 916(9th Cir. 1998); In re Winship, 397 U.S. 358,364(1970);U.S. v. Jose Luis L.,978 F.2d 543,545-46(9t Cir. 1992);U.S. v. Pizzarusso, 388F.2d 8,10-11(2d Cir.1968);Hunter v. United Van Lines, 746 F.2d 635,639(9th Cir.1984);U.S. v. Suerte, 291 F.3d 366,375(5th Cir.2002);U.S. v. Bynum,327 F 3d 986(9th Cir.);U.S. v. Perez-Oviedo,281 F.3d 400,403(3dCir. 2002); LSO,Ltd. v. Stroh,205F3d 1146,1152(9th Cir.2000);People v. Superior Court (Caswell)(1998) 46C3d 381,250CR 515(Const. challenge toP.C. §647;Lack of jurisdiction P.C. 1004;Peple v. Webber(1901) 133C.623,66 P 38.

7. **Ground 2 or Ground** _____ *(if applicable):*

I.A.C. in parole revocation hearing by attorney. B.P.T. hearing started with a marsden hearing because of my problems and disagreements with my attorney.

a. Supporting facts:

I asked my attorey to get an extension so that he could get evidence that would be in my faror. His explaination was that they (BPT) had no jurisdiction in Mexico, which was his only defence of the case.

We disagreed in this cause I have a lot more evidence these being doctors, police,coucil-city members,preist,pastors,my/our roommate that we had for over 10 months,neighbors, the business that is across the sreet where the house is,the land lord which is "jefe de regla-mentos in T.J. ",and many otherpeople that I could get. Most of them are in Mexico. But he supeana no one in my defence.

Recording of B.P.T. hearing will verify all this. Ido not have and it is needed to show proof of these facts.

First people that I spoke to INS where excused and they I told them what,why,where I was going and the reason. Also, theygave the property that has names addresses that would help in my defence; to this day I do not have them ( have put in 6 appeals in this matter)

Iasked for extenssion attorney said no.

Commisioner would not let me represent myself (his voice in recording).

Asked attorney to ask questions to witnesses to lock in testimony he would not do this since his defence(jurisdiction) would be sufficient.

Gave my attorney an appeal that to thisday I do not know what happened to it .

An unforeseeable judicial enlargement of a criminal statute, applied retractively, violates the federal due process right to a fair warning of what contitutes criminal conduct.

b. Supporting cases, rules, or other authority:

U.S. v. Comito, supra,177F3dat p1170;People v. Arreola(1994)7Cal.4th1144,1159-1161;
Morrissey v. Brewer,supra,408 U.S.;In re Carroll(1978) 80Cal.App. 3d22,34; Valdivia v.
Schwarzeneggar,supra; 15CCR 2675,2676,2000(b)(40) and(44); White v. White (9thCir 1991)
925 F.2d287;In re Prewitt,supra ; In re Vickers. supra ;Goverment code 11185 ; U.S. Const.
Aricle III ;U.S. Amendments 1,4,6,8,11,14 ; I.A.C.,A.D.A.;Trombetta 467 U.S. at485;Bouie
v. City of Columbia, 378 U.S. 347,353 (1964);see also Rogers v. Tenessee,532 U.S. 451,459(200
Darnell v. Swinney, 823 F.2d 299,301(9th Cir. 1987)

Ground 2 or Ground _____ (if applicable):

Access to courts: denial of access to courts or assistance from an attorney after my parole hearing. Law is contained in books; without access to a law library to find constitutions, statutes, regulations,and their judicial interpretations. denied me of any meaningful legal work being restricted in R.J.D. in both 1yard & 4 yard. This hindering my efforts to pursue my claim in a violation of parole cause myfirst claim denial.

a.  Supporting facts:

Have 2 appeals in this matter of legal problems. Appeal log number:RJD-1-07-01141 that started in April right after the BPT[H] hearing from the 1yard. In this yard I am completly on lock down with no access to any thing(have proof from request sent to law library responce for information). Here I can not go anywhere. Only to the shower. We are feed in the cell since (we being EOP's) are in a building that house regular inmates and we are not classified, so rules have it that we can not mix at all nor could I get any information from the law library. This appeal was for some reason unknown called a duplicate by the CIM appeals coordinator. Even after I tried to explain to him that circumstances are different from a second appeal with log number RJD-4-07-01079. Which was put in later under different circumstances. The latter appeal is in the directors level which I have been waiting for a responce. I was 1 week short of 6 month under these conditions, restricted from any meaningful access to law library materials or responce as to where to get help. Appeals ask for help from any place that could/should help a person with a long history of mental illnesses,a member of Colman, Armstrong class action suits. Record will show that I was at the law library 5 times in 6months.The effects vivid in that my appeal to suprior court got denied on tecnicality. I even had to 602 the institution for my indigent envelopes a problem that continued until this day.They would say that up to 5 envelopes.This to an A.D.A. inmate.

b.  Supporting cases, rules, or other authority:

U.S. Supreme court 1Lewis v.Casey(1996)518 U.S. 343;Bounds v. Smith(1977)430 U.S. 817 Younger v. Gilmore(1972)404 U.S.15;Toussaint v. Mc Carty(9th Cir. 1986)801 F.2d 1080; Linquest v. Idaho Board of corrections(9th Cir. 1985)776 F.2d 851;Gilmore v. California (9th Cir.2000)220 F.3d 987;Sands v. Lewis(1996)518 U.S. 343;Hargis v. Foster(9th Cir. 202)312 F.3d 404;15 CCR§3165(d);Pa.Dept. of Corr. v. Yeskey(1998)524 U.S.206;Tenessee v. Lane(U.S. 2004)72 U.S.L.W. 4371;**AMERICAN DISABILITY ACT;**

7. Ground 2 or Ground _____ (if applicable):

14th Amendment of the United States Constitution. Due process has to be given to parolee throughout the entier process/during every part of it. It must go amoung in between; in the midst.

a. Supporting facts:

The court looks first to the words of the statute in a attempt to ascertain legislative intente. Court must enforce the provision of the state Constitution and may not lightly disregarde a clear constitutional mandate. United States Supreme Court's determination of a Federal question, including the interpretation , is binding upon the state courts and must be followed, notwithstanding any state law,decision, or rule to the contary. Statutes inconsistent with the Constitution are void, and where possible courts will construe statutes in favor of their valdity.The appellate court must construe an enact- ment to preserve it's constitutional validity, and court presumes that the enactors understood the constitutional limits on their power and intended to respect those li- mits.It is not the judiciary's funtion to reweigh the legislative facts underlying a legislative enactment. Same standards for determining a whether a state is impliedly re- pealed by another statute apply whether in determining whether a constitutional amend- ment impliedly repeaaled a statutory provision.

In this case there is multiple violations of due process. 1)It started with the pa- role unit in Chula Vista not giving me the opprtunity to appeal a decision of BPT.I repeadedly ask to be given a written reason of why on parole;every monthly report I would ask for the same thing to no avail. At this point it is futile to continue to ask for it. 2) Marsden hearing to start my BPT hearing because of my differences with my attorney in many aspects of the defence of the parole revocation.From witheses , extencion of time to get evidence,my room-mate as witness,property held by P.O. offi- cer that I still do not have (even after 7 differentappeals in different areas). 3) Conduct credits on parole revocation.

b. Supporting cases, rules, or other authority:

Grafton Partners L.P. v. Superior Court, 36 Cal.4th 944,116 P.3d 479;State Personnel Bd. v. Department of Personnel Admin.,36 CR 3d 142,123 P.3d 169(Cal.2005);Ca. State Person- nel Bd. v. Ca. State Employees Ass'n,31 Cal.Rptr.3d 201, 115 P.3d 506(Cal.2005); In re Tobacco CasesII,123 Cal. App.4th 617;Slocom v. State Bd. of Equalization, 36 Cal. Rptr. 3d 627; Save Our Sunol, Inc. v. Mission Vally Rock Co.,21Cal. Rptr. 3d 171(Cal. app. 1st Dist.2004);Burkle v. Burkle,37Cal.Rprt.3d 805(Cal.app.2d Dist.2006);Barratt American, Inc. v. City of San Diego,117Cal.App.4th 809;14th Amendment of U.S. const.;

7. Ground 2 or Ground _____ (if applicable):

Appication of P.C. 3057 illegality of it. California Department of Corrections not giving me behavior/conduct credits afforted to me by 14th Amendment (due process).

a. Supporting facts:

Have appealed the exit of mine and CDC doe not apply any conduct , behavior credits. My sentence even if legal violates due process cause it does not give me my credits that any other crime would be allowed. Granted no worktime credits be given but it do not say anything about not being able to earn conduct/behavior credits on a parole re-vocation. This is a practice that CDC is accotomed to doing to all prisoners that get a violaation of parole. P.C. 2900.5 deals with credit earning also, P.C. 4019;People v. Sage (1980) 26C3d 498,165 CR 280 all these conuct/behavior credits and all the appli-cations and places that these credits may be earned. Even credits may be earned for murder under P.C.§667.7(a)(1) is eligible for credits under P.C. §2931(a)-(c). A group/ selected class of individuals is a ground for dismissal based on violation of the equal protections. [Murgia v. Municipal Court (1975) 15C3d 286, 290; 124 CR 204,206] ;Erroneous interpretation or applications of state law.

b. Supporting cases, rules, or other authority:

People v. Superior Court (Hartway) (1977) 19⸱ C3d 388,349, 138CR 66,71; Discriminatory law enforcement.Yick Wo v Hopkins(1886)118 US 356,6 S Ct 1064,30 LEd 220,;Uniform cri-me Charging Manuel(2d ed 1983);CDAA, Uniform Crime Charging Standards(1974);P.C. 1385 ;Estelle v McGuire(1991) 502US ___ ,112 S Ct475;Engle v isaac (1982) 456US 107; Hinman v McCarthy(9th Cir 1982)676 F2d 343,349;Rushen v Spain(1983)464 US 114,120;14th Amend-ment of U.S.;P.C. 3057;In re Howard N.,35 Cal.4th 117,24 CR3d 866,106 P.3d(2005);

7. Ground 2 or Ground _____ (if applicable):

**Restoration of prisoners good-conduct time credits.**

a. Supporting facts:

Once restoration of good -conduct credits are given, time should be taken from the end of parole period.

Issues of great importance, likely to recur, and may evade appellate review. (See Smith v. Board of Supervisors (1989) 216 Cal. App.3d 862,868

"The fundamental rule of interpretation is to ascertain the intent of the agency issuing the regulation so as to effectuate the purpose of the laws. [See Brewer v. Patel (1993) 20 Cal. App. 4th 1017,1021 ]

Board of Prison Terms "some evidence" standard to parolees in the mental health has got to be in accordance to federal laws and not discriminatory towards the parolee/inmate. Even after the hearing I tried to find help in the appeal. Have multiple appeals that state that no help would be attainable. They are now in the last level of appeal yet if I continue to wait I will have done all the time in the violation. [See In re DeLuna (2005) 126Cal.App. 4th585;In re Rosenkrantz (2002) 29Cal.4th616; In re Scott (2005)133 Cal.App. 4th 573;In re Smith (2003)114 Ca. App. 4th 343; In re Dannenberg, supra, 34 Cal. 4th 1061;126 S Ct 92 ]

b. Supporting cases, rules, or other authority:

Brown v. Fauver, 819 F.3d 432,397(3d Cir.1987);McBride V. Bureau of Prisons, 9F.3d 503,505(6th Cir.1993);Clemente v. Allen, 120 F.3d 703,705(7th Cir. 1997)U.S. V. Furman, 112 F.3d 435,438-39(10th Cir. 1997);Best v. Kelly, 39 F.3d 328,330(D.C. Cir.1994)

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes.  ☒ No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

   _____

   b. Result _____  c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised: (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

      _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☐ No.  If yes, give the following information:

   a. Result _____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised: (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    _____

    _____

11. Administrative Review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

    Since I am on the 7th month of this violation (of 12 mo.)and all my appeals are in the 3rd or directors level (4th level)and by the time that this writ (appeal) should be starting it should be over with or I would have done all the time on this violation. It seems futile to continue to wait for the answer. Since some of my appeals like my medical (broken finger) will probably need cergury. The acess to court from the 4 yard in R.J.D. for inmates in the mental health program will continue until they change something with the way an inmate can get help in a B.P.T.[H] hearing after a violation with no help. (being an A.D.A. inmate). The record will show what I have gone through to get NO HELP. THe other appeals will be self explanatory ( an evidentary hearing or subpoena of my C-file & parole records will prove all the statements that are in this appeal.

    b. Did you seek the highest level of administrative review available?  ☐ Yes.  ☐ No.
       *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☒ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Superior Court of CA. , County of San Diego

    (2) Nature of proceeding (for example, "habeas corpus petition"): Habeas corpus

    (3) Issues raised: (a)  Discrimination , A.D.A.

       (b) Jurisdiction , I.A.C.

    (4) Result (Attach order or explain why unavailable):  Attached   Case #HSC10918

    (5) Date of decision:  July 12 , 2007

  b. (1) Name of court:

    (2) Nature of proceeding:

    (3) Issues raised: (a)

       (b)

    (4) Result (Attach order or explain why unavailable):

    (5) Date of decision:

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

16. Are you presently represented by counsel? ☐ Yes. ☒ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☒ No. If yes, explain:

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: ▶

(SIGNATURE OF PETITIONER)

MC-275 [Rev. July 1, 2005]            PETITION FOR WRIT OF HABEAS CORPUS            Page six of six

1  La Madrid , Diego H.

2  CDC#: P-98764  Elm Hall #175

3  P.O. Box 500

4  Chino , Ca.    91708

5

6

7

8

9

10  La Madrid , Diego  H.              )    CASE NUMBER OF THE
                                       )
11                    Petitioner,      )    SUPERIOR CT._____
                                       )
12  v.                                 )    CASE NUMBER OF THE
                                       )
13  Director of the CDC                )
                                       )    APPELLATE CT._____
14                    Respondent,      )
                                       )
15  _____)

16

17

18              PETITION FOR WRIT OF MANDATE

19

20          TO: THE HONORABLE PRESIDING JUSTICE

21

22        Petitioner respectfully petitions this court for a writ of mandate directed to

23  respondent court, and by this verified petition alleges that:

24  When"Due Process " is violated combined with guidelines estavlished by the U.S.

25  Suprem Court in Morrissey v. Brewer with no subpoena powers for defendant in

26  foreign country to defend himself,fundamental fairness is the out come in front

27  of a BPT[H] hearing. Jurisdiction is an issue and a "judicial review"  of con-

28  stitutional violtions, ofjudicial enlaargement of laws that are ongoing in BPT

                                    1

**I**

1     Petitioner is the defendant in a criminal action, entitled People of the State of

2    California -Vs- La Madrid , Diego _____, Case Number P-98764 _____, now pending in

3    respondent court.

**II**

4     Respondent is the _Ca.dept' of Correctios_ Court of the State of California,

5    for the County of _San Diego_____.

**III**

6     The real party in interest is the People of the State of California.

**IV**

7     Respondent has a clear, present, and ministerial duty to abide by and adhere to the

8    exercise of sound discretion, governed by legal rules, to do justice according to the law in

9    conducting hearings, receiving evidence, and to issue rulings consistent with laws

10    governing the subject matter of this petition.

**V**

11     Respondent has failed and/or refused to exercise sound discretion as follows:

12    (a) On or about April 12, 2007 _____, _____, petitioner did present

13    before respondent a motion entitled

14    Marsden motion, juristictional, due process, const. violations, I.A.C.

15    (b) On or about April 12., _____, 2007 , Respondent court has denid

16    all of _____ petitioner's motion, despite facts brought before the court and the state of

17    existing law, both of which support petitioner's request.

**VI**

18     Petitioner has no plain, speedy, and adequate remedy in the ordinary course of law

19    other than by this petition, in that there is no other adequate procedure to require

20    respondent to use discretion governed by legal rules to do justice according to law and the

21    Constitution, or to otherwise entitle petitioner to enjoy the benefits sought through this

22    petition.

**VII**

Petitioner has performed all conditions precedent to the filing of this petition, by having first exhausted all available remedies.

**VIII**

At all times mentioned herein, respondent has been able to adhere to the and follow the law which governs the within subject matter. Notwithstanding such ability, and dispite petitioner's demand(s) as stated herein, respondent continues to fail and/or refuse to order relief petitioner seeks.

**IX**

Wherefore, petitioner prays:

That this court, on hearing this petition and on consideration of any return filed thereto, issue its peremptory writ commanding respondent to:

That all federal and state laws,rules, Suprem Court laws be followed in this case. That all applicble internaaddional rules govering this action be followed . Petioner to be able to have evidence in my favor allowed .That isses regarding Federal cases " Plata, Armstrong,,Coleman,Rutherford,Valdivia,and Gilmore adressed.

**VERIFICATION**

I am the petitioner in this action. All facts alleged in the above petition, not otherwise supported by citations to the record, exhibits or other documents, are true of my own personal knowledge.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

**Date:**                                          **Respectfully Submitted,**

3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## PETITIONER IS ENTITLED TO A WRIT OF MANDATE

*California Code of Civil Procedure, §1085 states:*

> "It may be issued by any court, except a municipal or justice court, to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled, and from which he is unlawfully precluded by such inferior tribunal, corporation, board, or person."

*California Code of Civil Procedure, § 1086 states:*

> "The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law.  It must be issued upon the verified petition of the party beneficially interested."

Discretion granted to a court by statute is not an arbitrary discretion to do abstract justice according to the popular meaning of that phrase, but is a discretion governed by legal rules to do justice according to the law and is to be exercised in the light of all attending circumstances.

In exercising its discretion, a court is to be governed by the body of law defining those standards. *People v. Arnold*(1976) 50 Cal. App. 3d Supp. 1. In a legal sense, discretion is abused whenever in the exercise of its discretion the court exceeds the bounds of reason and all of the circumstances before it being considered. *State Farm Inc. Co. v. Superior Court*(1956) 47 Cal. 2d 428, 432, 304 P. 2d 13; *National life of Florida v. Superior Court*(1971) 21 Cal. App 3d 281; *San Diego Whls. Credit v. Superior Court*(1973) 35 Cal. App. 3d 458 *Pacific Indem. Co. V. Superior Court*(1966) 246 Cal. App. 2d 63.  Writ of mandate is available to correct abuse of discretion. *Baldwin-Lime-Hamilton v. Superior Court*(1962) 208 Cal. App. 2d 803, 823.

Writ of mandate is the proper remedy in the present case. as there is no appeal petitioner can exercise and/or any appeal available will not allow timely resolution of the

4

1  controversy presented in this petition. *Winton v. Municipal Court*(1975) 48 Cal. App. 3d

2  228; *Running French Corp. V. Superior Court*(1975) 51 Cal. App. 3d 400; *Phelan v.*

3  *Superior Court*(1950) 35 Cal. 2d 363, *Pettis v. Municipal Court*(1970) 12 Cal. App. 3d

4  1029.  The exercise of jurisdiction by a court in a mandate proceeding rests to a

5  considerable extent in the wise discretion of the court.  *Wheelright v. Marin County*(1970)

6  2 Cal. 3d 448, appeal dismissed, cert. denied, 404 U.S. 807, 91 S. Ct. 65, 27 L. ED. 2d 37.

7  Thus, a court may deny relief to a petitioner where the person's rights are otherwise

8  protected.  *Barthalomne oil Corp. V. Superior Court*(1941) 18 Cal. 2d 726, 730.

9  However, where a petitioner shows compliance with the requirements for the issuance of

10  a peremptory writ, the court has <u>no discretion to exercise and must issue the writ as a</u>

11  <u>matter of right</u>. (Emphasis added).  *Flora Crane Service, Inc. V. Ross*(1964) 61 Cal. 2d

12  199, 203; *May v. Board of Directors*(1949) 34 Cal. 2d 125, 133-134.  Petitioner has a

13  clear, present, and beneficial right to the performance of the respondent's duty to obey

14  state and federal law.  Therefore, this petition is necessary to enforce and protect

15  petitioner's legal rights to be free from arbitrary and illegal action of respondent.

16  *American Friends Service Committee v. Procunier*(1973) 33 Cal. App. 3d 252, 256.  A

17  writ of mandate is also proper to compel a governmental official to perform a ministerial

18  act. *California Educational Facilities Authority v. Present*(1964) 12 Cal. 2d 593, 598;

19  *Flora Crane Service, Inc. V. Rose*(1964) 61 Cal. 2d 199, 204.  Finally, a writ of mandate

20  is proper when the action taken by an official is so palpably unreasonable and arbitrary as

21  to indicate that it has abused its discretion as a matter of law.  *Sanders v. Los*

22  *Angeles*(1961) 55 Cal. 2d 626.

23      Petitioner has a beneficial interest as described in the petition, and a writ is

24  necessary to protect the substantial rights of petitioner.  As alleged in this petition,

25  substantial damage will be suffered if the writ is denied.

26

27

28

## <u>CONCLUSION</u>

For the reasons set forth herein, but not limited thereto, this petition must be granted in order to protect petitioner's rights.

Date:                                    **Respectfully Submitted,**

_____

La Madrid , Diego H.
CDC#: P-98764  MIEH175
P.O. Box 500
Chino ,CA.  91708

4th DISTRICT COURT OF APPEAL

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| Director of CDC | ) | CASE NO: _____ |
| Plaintiff , | ) | EX PARTE MOTION FOR |
| | ) | APPOINTMENT OF COUNSEL |
| -vs- | ) | |
| La Madrid , Diego | ) | |
| , | ) | |
| Defendant . | ) | |
| | ) | |

TO:  THE HONORABLE COURT IN THE ABOVE CAUSE OF ACTION:

NOW COMES, La Madrid , Diego _____, defendant in the
above cause of action who moves this court for an Ex Parte Order for
Appointment of Counsel to represent defendant's interest in the above
bona fide legal action and for which defendant has no other means to
gain meaningful access to the courts due to incarcerated status of
indigent defendant herein.

       This motion is based on this Ex Parte Motion, on the att-
ached declaration, on the memorandum of points and authorities herein,
on the papers and records filed in this matter and on such other
evidence presented to the court in support of this motion.

DATED: 12|6|07                    RESPECTFULLY SUBMITTED:

                                  X Diego La Madrid

DECLARATION OF _____

1.  That I am the defendant in the within bona fide legal cause of action, am a poor indigent incarcerated prisoner, and have at risk threatened personal and/or property rights as a result of the within cause of action;

2.  That declarant is a layperson, untrained in law, and as a result of poor, indigent, and incarcerated status is barred from access to the courts to protect personal and/or property rights as guaranteed by due process and equal protection clauses of both the state and federal constitutions;

3.  That declarant is forced to represent self in defense of the within suit, is without funds to employ counsel, and has no legal training, experience, access to legal materials and/or access to the courts necessary to adequately and reasonably protect declarant's present and future personal and/or property rights;

4.  That declarant is being harrassed by plaintiff herein in as much as declarant is indigent and incarcerated, unable to retain an attorney, and that without adequate representation and meaningful access to the courts declarant is likely to suffer adverse judgement and therefrom a significant issue of liability would arise impacting declarant's personal and/or property rights both present and in the future;

5.  That declarant has been incarcerated since _MARCH_ _15_____, 20 _2007_ and will remain incarcerated through approximately _MARCH   13_____, 20 _2008_;

6.  That as a right guaranteed by the due process and equal protection clauses of the state and federal constitutions declarant has a right to the appointment of legal counsel in the

-2-

within cause of action based upon:   (a) declarant is confronted with a bona fide legal action threatening personal and/or property interest,   (b) declarant is indigent and in prison, (c) declarant plans to defend from the action herein, and (d) adverse judgement would affect declarant's present and/or future property rights;

7.   That declarant is entitled to the appointment of counsel and declarant does declare that such appointed counsel should be awarded legal fees in accordance with standards within the community for similar cases;

8.   That attorney fees should be ordered by this court to be paid pursuant to, but not limited to, (a) Business and Professions Code, Section 6210, (b) Government Code, Section 27706, and/or (c) legal duty and obligation of law enforcement/correctional agency to provide for the constitutionally mandated needs of wards remanded to custody;

9.   That without relief requested herein that declarant will continue to suffer deprivations of constitutional and/or other legal rights as stated above.

VERIFICATION

I have read the above statements and do declare upon penalty of perjury that these statements are true and correct as based upon information and belief.  Executed this ___6___ day of _DECEMBER_____, _2007_ at ___C.I.M._____, California pursuant to Code of Civil Procedure, Sections 446 and 2015.5.

_____

DECLARANT

-3-

1

<u>POINTS AND AUTHORITIES</u>

2

I

3

INDIGENT PRISONER WHO FACES BONA FIDE LEGAL ACTION
THREATENING INTEREST IS ENTITLED TO ACCESS TO COURTS

4

AS GUARANTEED BY DUE PROCESS AND EQUAL PROTECTION
CLAUSES OF THE CONSTITUTIONS OF CALIFORNIA AND THE

5

UNITED STATES. <u>Yarbrough v. Superior Court</u>, (1985)
39 C.3d 197; <u>Payne v. Superior Court</u>, (1976) 17 C.3d

6

908.

7

It is uncontrovertible that defendant herein is inpri-

8

soned, is indigent without funds to employ counsel, and faces a

9

bona fide legal action threatening personal and/or property interest

10

by virtue of having to defend from this suit. Further, defendant

11

is acting Pro Per in own defense without adequate training or ex-

12

perience, is without adequate access to legal materials, and is

13

without meaningful and/or viable access to the courts. <u>Woods v.</u>

14

<u>Superior Court</u>, (1974) 36 CA3d 811, <u>Yarbrough v. Superior Court</u>,

15

(<u>supra</u>) 39 c.3d 197.

16

II

17

INDIGENT PRISONER WHO IS UNTRAINED AND/OR INEXPERIENCED
IN CIVIL LAW SHOULD BE APPOINTED COUNSEL. <u>Payne v.</u>

18

<u>Superior Court</u>, (<u>supra</u>) 17 c.3d 908.

19

In light of this bona fide legal action threatening defend-

20

ant's personal and/or property rights, the court must appoint legal

21

counsel in the instant case. <u>Yarbrough v Superior Court</u>, (<u>supra</u>)

22

39 C.3d 197, 204.

23

Before denial of defendant's motion this court must at

24

minimum hold a hearing and/or make factual determination using

25

guidelines set down by the California Supreme Court in <u>Payne</u>.

26

<u>Payne v. Superior Court</u>, (<u>supra</u>) 17 c.3d 908, 924; <u>Yarbrough v.</u>

27

<u>Superior Court</u>, (<u>supra</u>) 39 c.3d 197, 203-204, 207.

28

/////

-4-

III

THE DECISIONS OF THE SUPREME COURT AND COURT OF
APPEAL ARE BINDING AND MUST BE ACCEPTED BY THE
TRIAL COURTS. Woods v. Superior Court, (supra)
36 CA. 3d 811, 814; Auto Equity Sales, Inc. v.
Superior Court, (    ) 57 C.2d 450, 455.

The rule of stare decisis is a rule of jurisdiction.

Auto Equity Sales, Inc. v. Superior Court, (supra), citing Abelleri

v. Distict Court of Appeal, (     ) 17 C.2d 280, 288.

IV

ATTORNEYS FEES SHOULD BE ORDERED PAID BY THIS COURT.
6th, 13th, and 14th Amendments to the United States
Constitution.

It stands to reason that if defendant is entitled to court

appointed counsel, that such counsel is entitled to adequate and

reasonable compensation equal to that afforded others in the comm-

unity for similar services. 13th and 14th Amendments to United

States constitution; Yarbrough v. Superior Court, (supra) 39 C.3d

197, desent at 207 and continuing be Chief Justice Bird.

This court should order funds be provided from appropria

sources including, but not limited to, provisions pursuant to

Business and Professions Code, Section 6210; Government Code, Sec-

tion 27706; from the law enforcement/correctional agency of custod

which is legal mandated to provided for constitutionally required

needs of defendant just as food, clothing, shelter, medical and

other needs must be provided for. Defendant's legal needs are sim

ply an extension of other constitutionally protected rights which

serves both the needs of the individual and society at large. In-

deed, for the state to allow personal and/or property rights to be

violated, which in this case could have far reaching impact on

defendant's future earning and family ties, would transgress the

-5-

constitution. Under circumstances as presented herein surely the state should afford defendant the protection afforded in criminal proceedings leading to incarceration or the in prison repair of an ingrown hangnail, contact visitation, mail censorship, or religious practice.

## V

LEGAL PAPERS SUBMITTED BY INDIGENT PRO PER PRISONER UNTRAINED IN LAW MUST BE HELD TO LESS STRIGENT STANDARDS THEN THOSE DRAFTED BY MEMBERS OF THE BAR AND MUST BE VIEWED IN LIGHT MOST FAVORABLE TO PRO PER. Haines v. Kerner, (1972) 404 U.S. 519; 92 S. Ct. 594.

## CONCLUSION

Defendant to this suit is an indigent prisoner who is untrained in law and being denied meaningful access to the courts. Defendant has a constitutional right to meaningful access to the courts and to appointment of legal counsel to protect personal and/or property rights which are threatened by this bona fide legal action. Defendant further enjoys the right to have legal counsel compensated by whatever means ordered by this court.

## PRAYER

WHEREFORE, Good Cause having been shown, this court should grant the motion as follows:

1. declare defendant's rights as to issues raised herein;

2. order appointment of counsel to defend defendant in the above cause of action;

3. order the payment of counsel appointed herein a sum customary for such a case within the community to be paid from a source determined by the court;

4. in the alternative, hold hearing(s) and/or otherwise

-6-

1  make findings of fact as to issues pretaining to appointment and

2  compensation of counsel to defend defendant in this suit;

3      5.  order that all records pretaining to this motion be

4  sealed subject to inspection only upon order of this court after a

5  showing of good cause;

6      6.  order such other and further relief as is just, pro-

7  per and equitable.

8  DATED: 12/6/07

         RESPECTFULLY SUBMITTE:

9

10                              DEFENDANT

11                              IN PRO PER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CALIFORNIA INSTITUTION FOR MEN
### PROOF OF SERVICE BY MAIL
(C.C.P. §1013a; §2015.5; Fed.R.Civ.P. 5; 28 U.S.C. 1746)

I am over the age of eighteen years, a citizen of the United States, a resident of the State of California,  **(A)** and / **and not** a party to the within action.  My mailing address is: P.O. BOX 600, CHINO, CA 91708-0600.

On the following date: **(B)** _Dec. 19, 2007_, I served the following document(s): **(C)** _42 U.S.C. 1983_

On the interested parties in this action by placing true copies thereof, enclosed in sealed envelopes, addressed as follows to the following parties: **(D)**

_U.S. District Court_
_Southern_
_860 Front St. Rm 4290_
_S.D. CA 92101 - 8900_

I am readily familiar with the normal business practices for collection and processing of correspondence and other materials for mailing with the United States Postal Service.  On the same day that correspondence is placed for collection and mailing, in a sealed envelope with postage fully prepaid, it is deposited in a box so provided at the correctional institution in which I am presently confined.

I certify (or declare) under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**(E)** Name: _Diego La Madrid_     CDCR#: _P. 98764_

Signed: _Diego La Madrid_     Dated: _12/19/07_

---

### CIM MAILROOM ACKNOWLEDGEMENT OF MAILING

DATED: _12/20/07_     STAFF: _____

SIGNED: _____

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Diego H. La Madrid

225  **DEFENDANTS**  1983

FILING FEE PAID
Yes        No

IFP MOTION FILED
Yes        No

CONSENT SENT TO
Court

CDC, et al

FILED

DEC 2 6 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED**  San Bernardino
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**  ATTORNEYS (IF KNOWN)

Diego H. La Madrid
PO Box 500
Chino, CA 91708
P-98764

'07 CV 2434 JM NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in
Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)       FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE**
**JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 42 U.S.C. 1983

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Eiectmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☒ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

| DATE   12/26/2007 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|